**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 1:16-CR-00356 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | |
| KEVIN WYROCK, | **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING** |
| Defendant. | |

Now comes Defendant, Kevin Wyrock, by and through undersigned counsel, Ian N. Friedman and Eric F. Long, Friedman & Nemecek, L.L.C., and hereby submits the instant Memorandum in Aid of Sentencing for this Honorable Court's consideration in determining an appropriate disposition in this matter. The purpose of the instant Memorandum is to provide the Court with additional information pertaining to Mr. Wyrock that is relevant to the Court's determination of a sentence that is sufficient, but not greater than, that which is necessary to satisfy the principles and purposes of federal sentencing.

I.      **Factual History**

On February 24, 2017, Mr. Wyrock appeared before this Honorable Court and entered a plea of "Guilty" to one (1) count of Enticement, in violation of 18 U.S.C. 2422(b); and, one (1) count of Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. 2252(a)(2).  At the present time, Mr. Wyrock stands before this Honorable Court for the imposition of sentence. Mr. Wyrock respectfully requests that the Court consider the information set forth in the instant pleading, as well as additional evidence and arguments to be presented at the sentencing hearing, in determining a fair and appropriate disposition of this case.

II.     **At the Time of Sentencing, It Will be this Honorable Court's Duty to Impose a Sentence Sufficient, But Not Greater Than Necessary, to Comply with the Purposes of Federal Sentencing Set Forth in 18 U.S.C. §3553 (A).**

In light of *United States v. Booker,* 543 U.S. 220 (2005), this Honorable Court is required to engage in a multi-step analytical process at sentencing.  First, the Court must determine, after making appropriate findings of fact, the applicable Guidelines range.  *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008).  After making appropriate findings of fact, the Court must then determine whether a sentence within that range serves the factors set forth in § 3553(a).  *Id*.  Finally, the Court must articulate the reasons for the sentence imposed in light of the factors set forth in 18 U.S.C. § 3553(a).  *Id*.

As an initial matter, counsel reiterates that Mr. Wyrock accepts full responsibility for this offense.  His life has been forever changed as a result of his choices and the repercussions for his conduct are significant.  As an individual who is forty-nine (49) years of age and is facing the possibility of a substantial term of incarceration, Mr. Wyrock recognizes the severity of this situation and is dedicated to separating himself entirely from the behavior that gave rise to the

instant matter. He is completely remorseful and contrite for his misconduct and desires only a chance to continue his efforts of being a productive and law-abiding citizen after the disposition of this case.

As set forth in the Plea Agreement, the Total Offense Level for the matter at hand is provided below and agreed upon by all parties. Although the Presentence Investigation Report indicates an additional enhancement, the Defendant submits that the Government has approved the following calculation:

| | |
|---|---|
| ***Base Offense Level*** | 32 |
| §2G2.1(b)(6)(B) Specific Offence Characteristics | + 2 |
| Adjustment for Acceptance of Responsibility | - 3 |
| ***Total Offense Level*** | 31 |

As aforementioned, the United States Supreme Court requires sentencing courts to engage in a multi-step analytical process at sentencing. *See Booker,* 543 U.S. 220. Post-*Booker* opinions make clear that, although a sentencing court must "give respectful consideration to the Guidelines, *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough v. United States,* 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted). Accordingly, although the "Guidelines should be the starting point and the initial benchmark," district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in §3553(a), subject to appellate review for "reasonableness." *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1241 (2011), *quoting Gall v. United States,* 552 U.S. 38, 49-51 (2007).

The Supreme Court has expressly directed that an "individualized assessment" of the case "based on the facts presented" is required. *Gall,* 552 U.S. at 50. Such analysis should be guided by "reasonableness" and an "individualized application of the statutory sentencing factors." *Id.* at 46-47. A sentencing judge retains "wide latitude to decide the proper degree of punishment for an individual offense and a particular crime." *United States v. Cavera,* 550 F.3d 180, 189 (2nd Cir. 2008).

> A. **Examination of the Factors Set Forth in 18 U.S.C. § 3553(a).**
>
> 1. **Nature and Circumstances of the Offense and the History and Characteristics of Mr. Wyrock.**

### *a. History and Characteristics of Mr. Wyrock*

In *Pepper*, *supra*, the United States Supreme Court endorsed the notion that post-*Booker* sentencing must focus as much on the offender, their individual background, and their need for services and rehabilitation as on the offense committed. According to the Court, "highly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. Permitting sentencing courts to consider the widest possible breadth of information about a defendant ensures that the punishment will suit not merely the offense but the individual defendant." *Pepper*, 131 S. Ct. at 1240 (internal citations omitted).

Mr. Wyrock is forty-nine (49) years of age and was born on June 24, 1967 in Cleveland, Ohio. PSI ¶51. As a young adult, Mr. Wyrock dealt with related anxiety and panic attacks that may be hereditary from his father's side of the family. PSI ¶60. Mr. Wyrock was first prescribed medication for anxiety when he was twenty-five (25) years of age and regularly used said medication until he was forty (40) years of age. PSI ¶65. Despite these obstacles, Mr. Wyrock has

4

maintained a significant relationship with his wife Shelly with whom he has two (2) daughters who are nineteen (19) and twenty-two (22) years of age, respectively. PSI ¶59.

### *b. Mr. Wyrock's Remorse and Contrition*

Mr. Wyrock completely accepts responsibility for his conduct in this case, as evidenced by his plea of "Guilty" as well as his statements contained in the Presentence Investigation Report. At the present time, he stands before this Honorable Court humbled, remorseful and contrite. He understands that his conduct was wrong and he is embarrassed and ashamed for putting himself, his family, and more importantly, the victim and her family, in this difficult situation. PSI ¶25-28. He also understands the impact his actions have had on the Government's investigative efforts and submits that from the start he has been fully cooperative and respectful. *Id*.

Mr. Wyrock desperately wants to atone for his mistakes and begin the healing process with his family. He is committed to doing whatever is necessary to move forward with his life and to renew his efforts at being a positive and contributing member of society. He also vows to maintain a law-abiding life, to earn back the respect that he worked so hard to establish, and to continue to set a positive example for his children and the community. *Id*.

Even when the Sentencing Guidelines were mandatory, courts recognized the significant mitigating effect of the facilitation of the administration of justice and the defendant's expression of remorse. *United States v. Rudolph*, 190 F.3d 720, 722-23 (6th Cir 1999); *United States v. Fagan*, 162 F.3d 1280, 1284-85 (10th Cir. 1998)("[b]ecause remorse is not a prohibited factor, but a factor already considered in the Sentencing Guidelines, a sentencing court may depart downward if it finds that remorse is present to an exceptional degree"); *United States v. Garcia*, 926 F.2d 125 (2nd Cir. 1991); *United States v. Volpe*, 224 F.3d 72 (2nd Cir. 2000)(noting that activities facilitating the proper administration of justice may form the basis for a downward departure). After the

Guidelines were made advisory, these factors remain a relevant consideration for courts in determining a reasonable sentence. *See* 18 U.S.C. § 3553(a).

Mr. Wyrock has sincerely discussed his remorse, not only for committing this offense, but also for the resultant harm that it has caused his family as well as the resources spent by the Government and this Honorable Court. He has certainly learned his lesson as a result of this case and submits that a term of incarceration beyond ten (10) years is not necessary to ensure that he does not find himself in a similar predicament in the future.

Undersigned counsel is confident that once this Court hears from Mr. Wyrock at sentencing, it, like his counsel have, will feel that his past criminal infractions do not truly capture who he is. As described further in this brief, Mr. Wyrock has a genuinely caring and giving personality. He does indeed have a good value system. This will be addressed more at the sentencing hearing.

Based upon the foregoing and the fact that Mr. Wyrock has identified to counsel his understanding of the negative effects which his actions have caused, it is respectfully submitted that Mr. Wyrock presents a low risk for recidivism. To that end, psychologist Jim Eisenberg, Ph.D., ABPP, has interviewed the defendant and opined that Mr. Wyrock does not meet the criteria for pedophilia. Dr. Eisenberg's findings and report will be presented to this Honorable Court and the Government in a supplemental filing and discussed more fully at the sentencing hearing currently scheduled for June 2, 2017.

Mr. Wyrock respectfully requests that this Honorable Court take these factors into consideration in determining a sentence that is not greater than necessary to comport with the principles and purposes of sentencing set forth in 18 U.S.C. § 3553(a).

### *c*. *Support of Family and Friends*

District courts have recognized the importance of a defendant's strong social support system in fashioning a sentence that is sufficient, but not greater than necessary to satisfy the principles and purposes of federal sentencing. *See United States v. Wachowiak*, 496 F.3d 744, 747-48 (7th Cir. 2007)(explaining that "[w]here the Court has found strong social support from family, friends, and others the Court has deemed a lower sentence appropriate"); *see also United States v. Smith*, 275 Fed.Appx. 184, 186 4th Cir. 2008) (relying on the defendant's strong family ties when imposing a sentence that varied 24 months below the calculated Guidelines range in a child pornography prosecution).

In anticipation of sentencing, the undersigned has received letters from people wishing to make their support of Mr. Wyrock known to this Honorable Court. Despite this charge and his poor decisions, these letters portray Mr. Wyrock as a dedicated, hard-working, thoughtful, and supportive individual. *See* support letters attached hereto as Exhibits "A" – "K".

Mr. Wyrock's wife, Shelly, confirms that her husband has always been a role model not only for his family, but also for other members of the community:

> I have been with Kevin since I have been sixteen years old and he has been the most wonderful man that anyone could ever have asked for. Even while Kevin and I were dating he has always treated me with the utmost respect and care. There is not a thing that he wouldn't do for me or anyone else for that matter. Kevin would go out of his way to do anything for anyone. He has always taken care of not only his parents but also mine.

*See* Letter from Shelly Wyrock, attached hereto as Exhibit "A".

Likewise, Mr. Wyrock's mother-in-law, Dolores Stainbrook notes that "Kevin was always very polite and willing to help anyone at anytime. I couldn't have gotten a better

son-in-law. He has always took care of my daughter and granddaughters." *See* Letter from Dolores and William Stainbrook, attached hereto as Exhibit "B". Further, his youngest daughter, Megan, confirms the position of her grandmother Dolores:

> Anything I needed he was there doing whatever he could to help me. He was always willing to help me with my school work, problems I had with friends, or really any problem I had. I would give a lot of credit to my dad saying that he is the reason I am working so hard and doing so well in school. The reason that I want to help others is because of him, that was always his biggest thing. Whether it was big or small my dad would never not go out of his way to help someone and that is a quality that I have taken from him.

*See* Letter from Megan Wyrock, attached hereto as Exhibit "C".

These depictions convey a different side to Mr. Wyrock – a caring person and loving husband, father, brother, and friend who learned to be hard working and dependable. While there is no excusing his poor choices, it is evident that Mr. Wyrock has fully accepted responsibility for his inexcusable conduct and looks forward to improving his decision-making in the future.

    **2. Need for Sentence Imposed – To Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct; and to Protect the Public from Further Crimes of the Defendant.**

At the time of sentencing, it will be this Honorable Court's duty to impose a sentence sufficient, but not greater than necessary, to comport with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2)(A)-(D). These purposes include the following: promoting respect for the law, which incorporates providing just punishment in light of the seriousness of the offense; affording adequate deterrence; protecting the public from further crimes by Mr. Wyrock; and providing Mr. Wyrock with any needed rehabilitation and treatment.

When applying the above-referenced factors to the case at bar, it is apparent that a term of incarceration beyond ten (10) years is not necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a). As previously discussed, Mr. Wyrock has already suffered significantly as a

result of the instant offense. He has placed himself and his family in this difficult predicament. He was the sole means of financial support for his family and as a result of the instant conviction, his wife had to take a full-time job at McDonald's to support the family and pay their daughter's tuition. In addition to facing a loss of liberty, he will also be punished by collateral consequences associated with having a federal felony conviction. He has proven through the term of pre-trial release, via electronic monitoring, that he responds favorably to supervision and that his family continues to be his first priority.

Furthermore, again, it is respectfully submitted that a term of incarceration beyond ten (10) years is not necessary to satisfy either general or specific deterrence. As noted, Mr. Wyrock stands to suffer additional significant hardships regardless of the length of incarceration imposed by this Honorable Court.

### III. CONCLUSION

For the foregoing reasons, in light of the information set forth herein as well as additional reasons to be adduced at the sentencing hearing, Mr. Wyrock respectfully requests that this Honorable Court impose a sentence of no greater than ten (10) years imprisonment to be followed by three (3) years of supervised release.

Respectfully submitted,

/S/ Ian N. Friedman
IAN N. FRIEDMAN (0068630)
ERIC F. LONG (0093197)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 E. 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
E: inf@fanlegal.com
    efl@fanlegal.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2017, a copy of the foregoing was served electronically via this Court's CM/ECF system on all parties.

                                        Respectfully submitted,

                                        /S/ Ian N. Friedman
                                        IAN N. FRIEDMAN (0068630)
                                        ERIC F. LONG (0093197)

## **LIST OF EXHIBITS**

Exhibit A:   Letter from Shelly Wyrock

Exhibit B:   Letter from Dolores and William Stainbrook

Exhibit C:   Letter from Megan Wyrock

Exhibit D:   Letter from Marie Wyrock

Exhibit E:   Letter from Richard Wyrock, Sr.

Exhibit F:   Letter from Rachel Brinton

Exhibit G:   Letter from Ron Richards

Exhibit H:   Letter from Emily Addis

Exhibit I:   Letter from Kathy Addis

Exhibit J:   Letter from Stephanie Wyrock

Exhibit K:   Letter from Wayne Traux